1  Rachel E. Kaufman (CSB# 259353)
   rachel@kaufmanpa.com
2  KAUFMAN P.A.
3  237 South Dixie Highway, Floor 4
   Coral Gables, FL 33133
4  Telephone: (305) 469-5881
5  Email: Rachel@kaufmanpa.com

6  *Attorney for Plaintiff and the Proposed Class*

7

8          **IN THE UNITED STATES DISTRICT COURT**
9        **FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

10

11  **GERALD ROBINSON,** individually        Case No.  **'23 CV 1522 DMS KSC**
    and on behalf of all others similarly
12  situated,
                                             **CLASS ACTION COMPLAINT**
13
              *Plaintiff,*                   **DEMAND FOR JURY TRIAL**
14
15  *v.*

16  **EXCLUSIVE MARKETING**
17  **AGENCY LLC**, a California registered
    company,
18
19            *Defendant.*

20              **CLASS ACTION COMPLAINT**

21

22       Plaintiff Gerald Robinson ("Plaintiff Robinson" or "Robinson") brings this

23  Class Action Complaint and Demand for Jury Trial against Defendant Exclusive

24  Marketing Agency LLC ("Defendant" or "EMA") to stop the Defendant from

25
26  violating the Telephone Consumer Protection Act ("TCPA") by placing unsolicited

27  pre-recorded calls without consent. Plaintiff also seeks injunctive and monetary

28

relief for all persons injured by Defendant's conduct. Plaintiff Robinson, for this Complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

**PARTIES**

1.    Plaintiff Gerald Robinson is a resident of Nampa, Idaho.

2.    Defendant EMA is a California registered company headquartered in San Diego, California. Defendant EMA conducts business throughout this District, Idaho, and the U.S.

**JURISDICTION AND VENUE**

3.    This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

4.    This Court has personal jurisdiction over the Defendant because the Defendant has its headquarters located in this state.

5.    Venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant has its headquarters in this District and the wrongful conduct giving rise to this case was directed from this District.

CLASS ACTION COMPLAINT

**INTRODUCTION**

6.      As the Supreme Court explained at the end of its term this year, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back." *Barr v. Am. Ass'n of Political Consultants*, No. 19-631, 2020 U.S. LEXIS 3544, at \*5 (U.S. July 6, 2020).

7.      When Congress enacted the TCPA in 1991, it found that telemarketers called more than 18 million Americans every day. 105 Stat. 2394 at § 2(3).

8.      By 2003, due to more powerful autodialing technology, telemarketers were calling 104 million Americans every day. In re Rules and Regulations Implementing the TCPA of 1991, 18 FCC Rcd. 14014, ¶¶ 2, 8 (2003).

9.      The problems Congress identified when it enacted the TCPA have only grown exponentially in recent years.

10.      According to online robocall tracking service "YouMail," 4.5 billion robocalls were placed in July 2023 alone, at a rate of 144.8 million per day. www.robocallindex.com (last visited August 2, 2023).

11.      The FCC also has received an increasing number of complaints about unwanted calls, with 150,000 complaints in 2016, 185,000 complaints in 2017, and

CLASS ACTION COMPLAINT

232,000 complaints in 2018. FCC, Consumer Complaint Data Center, www.fcc.gov/consumer-help-center-data.

12.    "Robocalls and telemarketing calls are currently the number one source of consumer complaints at the FCC." Tom Wheeler, *Cutting off Robocalls* (July 22, 2016), statement of FCC chairman.[1]

13.    "The FTC receives more complains about unwanted calls than all other complaints combined." Staff of the Federal Trade Commission's Bureau of Consumer Protection, *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* Notice of Proposed Rulemaking, CG Docket No. 02-278, at 2 (2016).[2]

## COMMON ALLEGATIONS

14.    Defendant EMA is a marketing firm that focuses primarily on the mortgage industry providing business leads, recruiting and marketing services.[3]

15.    Defendant EMA places telemarketing calls to businesses and consumers to solicit its services.

16.    Defendant EMA places unsolicited pre-recorded telemarketing calls, often times to cellular phone numbers, as per Plaintiff's experience.

---

[1] https://www.fcc.gov/news-events/blog/2016/07/22/cutting-robocalls
[2] https://www.ftc.gov/system/files/documents/advocacy_documents/comment-staff-ftc-bureau-consumer-protection-federal-communications-commission-rules-regulations/160616robocallscomment.pdf
[3] https://www.exclusive.agency/about-us/

CLASS ACTION COMPLAINT

4

1    17.    Defendant EMA is open about placing pre-recorded telemarketing
2  calls, and specifically pre-recorded voicemail drops, as per employee reviews and
3  company job postings, including:

Former Employee, more than 1 year

**Needs more guidance and training**

Jun 12, 2023 - VP Sales in Los Angeles, CA

✖ Recommend    ◯ CEO Approval    ━ Business Outlook

Pros
Able to work from home, no micro managing

Cons
Leads are only contacted through voicemail drops, leads barely call back. Pricing not very negotiable. No training provided.

Advice to Management
Provide training and use a CRM to track lead progress                               [4]

### About the job

We're Exclusive Marketing Agency ("EMA").  We're a fun and fast growing Digital Marketing and Recruiting
Firm.  We're looking for (3) Rockstar sales people to join our team, create some great relationships and help us
grow through proven sales strategy that has your phone ringing off the hook with opportunity. If you're not afraid
of the phone, love to talk to people and sell, we'd love to talk with you.

Who we're looking for:

– Self motivated and driven go-getters that aren't afraid to get on the phone or a Zoom Call.
– Fast paced environment to handle many phone calls in a given day.
– Experience in a specific industry niche selling Digital Marketing services is a plus.
– Well present themselves, great speaking and written skills.
– Entrepreneurs at heart that love a fast paced atmosphere to grow a company!
– Proven track record and history of sales.

We generate our appointments with prospects through digital ads, voicemail drops and email marketing
campaigns which have been proven to generate quite a bit of sales for our existing sales people.          [5]

---

[4] https://www.glassdoor.com/Reviews/Exclusive-Marketing-Agency-Reviews-E4396576.htm
[5] https://www.linkedin.com/jobs/view/vice-president-of-sales-digital-marketing-sales-at-exclusive-marketing-agency-llc-3649679502/

CLASS ACTION COMPLAINT

5

**About the job**

**THIS IS A REMOTE POSITION**

Hello all, we're EMA, Exclusive Marketing Agency, and we're a marketing and recruiting firm towards the Mortgage and Legal. We capitalize on our marketing clients needs and insatiable thirst for quality loan officers, and are looking for (3) additional rockstar recruiters to join our firm and service our clients recruiting needs.

Besides the typical job posts, we use the latest technology in voicemail drops, email marketing, social/search ads to help bring you quality opportunities on top of your driven effort.

We need people that will wake up every day, do the activities, grind, bring our customers quality candidates and fulfill our contracts

Really want this job? Record a video of yourself and tell us why you want this job and why we should hire you. Send it to jobs@exclusive.agency along with a short creative email. [6]

18.     Some of EMA's call are targeted to loan officers like the Plaintiff to specifically solicit them for one of two things: to recruit them to join another loan company and/or to solicit the loan officer to use their live transfer service where EMA will send the loan officer qualified leads in exchange for a fee.

19.     EMA has a whole page dedicated to their live transfer for loan officers as a service where they state "We'll send you conversations, so you can stop working leads. Mortgage live transfers offers the beast in lead quality and time management."[7]

20.     EMA has another sperate page on their website dedicated to recruiting loan officers for loan companies. On that page EMA states "Have your own

---

[6] https://www.linkedin.com/jobs/view/senior-recruiter-with-fast-and-fun-growing-company%21-at-exclusive-marketing-agency-llc-3662108212/

[7] https://www.exclusive.agency/mortgage-live-transfer/

CLASS ACTION COMPLAINT

outsourced recruiting department opened within 48 hours for a fraction it would cost to build internally and 80%-90% less than traditional recruiting costs."[8]

21.    On another EMA page it states "We find, verify, and recruit loan officers for your business, then we schedule the interviews on your calendar…Only pay when we perform. All for the lowest cost per hire in the industry."[9]

22.    In response to these calls, Plaintiff Robinson brings this case seeking injunctive relief requiring the Defendant to cease from violating the TCPA, and an award of statutory damages to the members of the Class and costs.

## PLAINTIFF ROBINSON'S ALLEGATIONS

23.    Plaintiff Robinson is the subscriber and the sole user of the cell phone number ending with 1778.

24.    Plaintiff Robinson is a loan officer for a mortgage company.

25.    On April 4, 2023 at 9:53 AM, Plaintiff Robinson received an unsolicited telemarketing call from Defendant EMA from 208-517-6523 to his cell phone number. A pre-recorded voicemail was left on his voicemail that Plaintiff Robinson listened to, stating:[10]

---

[8] https://www.exclusive.agency/outsourced-recruiting-department/
[9] https://www.exclusive.agency/recruiting-loanofficers-on-demand/
[10] https://www.dropbox.com/scl/fi/kg11v653a6mcdj5yivll3/voicemail-6563-1.m4a?rlkey=xrg6437w5gnthratg73so6urh&dl=0

CLASS ACTION COMPLAINT

1
2
3
4
5
6
7
8
9
10
11



12      26.    The aforementioned voicemail was left by John Seckel, President and
13
owner of EMA:
14
15
16
17
18
19
20
21
22
23
24
25
26
27    [11] https://www.linkedin.com/in/johnseckel-sandiego/
28

27.    The voicemail details the caller as EMA and the purpose of the call: to recruit the plaintiff to join a new loan company and/or to solicit the plaintiff to sign up for EMA's live transfer services for a fee.

28.    The voicemail asks the recipient to call 858-794-3030. When this number is called, it is answered by a voicemail owned by John Seckel.

29.    On July 6, 2023 at 1:10 PM, Plaintiff Robinson received a 2nd unsolicited telemarketing call from Defendant EMA from 208-517-6523 to his cell phone number. As with the previous call, a pre-recorded voicemail was left stating:[12]



[12] https://www.dropbox.com/scl/fi/kv0sq02eaqut24oj8csqx/voicemail-6718-1.m4a?rlkey=32rugln4qouujv806ihpwp7zu&dl=0

CLASS ACTION COMPLAINT

9

30.    The aforementioned voicemail was left by Chandler Barr, the National Director of Sales for Defendant EMA:



31.    The prerecorded message is similar to the previous one recruiting the Plaintiff to join another loan company and/or to solicit the Plaintiff to sign up for EMA's live transfer services in exchange for a fee.

32.    The voicemail from Chandler Barr asks the recipient to call 405-863-9901. When this number is called, it is answered by Barr.

33.    Plaintiff Robinson believes that both of the voicemails he received were pre-recorded due to their generic, scripted nature and because Defendant is open about placing voicemail drops to generate business, as was referenced above.

---

[13] https://www.exclusive.agency/about-us/

CLASS ACTION COMPLAINT

34.     Plaintiff Robinson has never provided his cell phone number to Defendant EMA in any context. The pre-recorded voicemails that he received were unsolicited.

35.     The unauthorized solicitation telephone calls that Plaintiff received from or on behalf of Defendant have harmed Plaintiff Robinson in the form of annoyance, nuisance, and invasion of privacy, occupied his phone and phone line, and disturbed the use and enjoyment of his phone.

36.     Seeking redress for these injuries, Plaintiff Robinson, on behalf of himself and Class of similarly situated individuals, brings suit under the TCPA.

## CLASS ALLEGATIONS

37.     Plaintiff Robinson brings this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) and seeks certification of the following Class:

> **Pre-recorded No Consent Class:** All persons in the United States who from four years prior to the filing of this action through class certification (1) the Defendant called on their cellular telephone number (2) using an artificial or pre-recorded voice.

38.     The following individuals are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, its subsidiaries, parents, successors, predecessors, and any entity in which either Defendant or their parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Class; (5) the

CLASS ACTION COMPLAINT

legal representatives, successors or assigns of any such excluded persons; and (6)

persons whose claims against the Defendant have been fully and finally adjudicated

and/or released. Plaintiff Robinson anticipates the need to amend the Class definition

following appropriate discovery.

39.     **Numerosity and Typicality**: On information and belief, there are

hundreds, if not thousands of members of the Class such that joinder of all members

is impracticable, and Plaintiff is a member of the Class.

40.     **Commonality and Predominance**: There are many questions of law

and fact common to the claims of the Plaintiff and the Class, and those questions

predominate over any questions that may affect individual members of the Class.

Common questions for the Class include, but are not necessarily limited to the

following:

(a)     whether Defendant placed pre-recorded voice message calls to Plaintiff

and members of the Pre-recorded No Consent Class without first

obtaining consent to make the calls;

(b)     whether the calls constitute a violation of the TCPA;

(c)     whether members of the Class are entitled to treble damages based on

the willfulness of Defendant's conduct.

41.     **Adequate Representation**: Plaintiff Robinson will fairly and

adequately represent and protect the interests of the Class, and has retained counsel

CLASS ACTION COMPLAINT

competent and experienced in class actions. Plaintiff Robinson has no interests antagonistic to those of the Class, and the Defendant has no defenses unique to Plaintiff. Plaintiff Robinson and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Class, and have the financial resources to do so. Neither Plaintiff Robinson nor his counsel have any interest adverse to the Class.

42.    **Appropriateness**: This class action is also appropriate for certification because the Defendant has acted or refused to act on grounds generally applicable to the Class and as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Class uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Class as wholes, not on facts or law applicable only to Plaintiff Robinson. Additionally, the damages suffered by individual members of the Class will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Class to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

## FIRST CLAIM FOR RELIEF
### Telephone Consumer Protection Act
### (Violation of 47 U.S.C. § 227)
### (On Behalf of Plaintiff Robinson and the Pre-recorded No Consent Class)

43.    Plaintiff repeats and realleges the prior paragraphs of this Complaint and incorporates them by reference herein.

44.    Defendant transmitted unwanted telephone calls to Plaintiff Robinson and the other members of the Pre-recorded No Consent Class using a pre-recorded voice message.

45.    These pre-recorded voice calls were made *en masse* without the prior express consent of the Plaintiff and the other members of the Pre-recorded No Consent Class.

46.    The Defendant has, therefore, violated 47 U.S.C. § 227(b)(1)(A)(iii). As a result of Defendant's conduct, Plaintiff and the other members of the Pre-recorded No Consent Class are each entitled to a minimum of $500 in damages, and up to $1,500 in damages, for each violation.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

    a)    An order certifying this case as a class action on behalf of the Class as defined above; appointing Plaintiff as the representative of the Class; and appointing his attorneys as Class Counsel;

CLASS ACTION COMPLAINT

b) An award of actual and/or statutory damages and costs;

c) An order declaring that Defendant's actions, as set out above, violate the TCPA;

d) An injunction requiring Defendant to cease all unsolicited calling activity, and to otherwise protect the interests of the Class; and

e) Such further and other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Robinson requests a jury trial.

**GERALD ROBINSON**, individually and on behalf of all others similarly situated,

DATED this 18th day of August, 2023.

By: /s/ *Rachel E. Kaufman*
Rachel Elizabeth Kaufman
Kaufman P.A.
237 South Dixie Highway, Floor 4
Coral Gables, FL 33133
(305) 469-5881
Email: Rachel@kaufmanpa.com

*Attorney for Plaintiff and the putative Class*

CLASS ACTION COMPLAINT